NOR
GALINA KLETSER JAKOBSON, ESQ.
Nevada Bar No. 6708
BUCKLEY KING, LPA
10655 Park Run Drive, Suite 190
Las Vegas, Nevada 89144
Telephone (702) 727-2930
ATTORNEY FOR DEFENDANT AMERICAN
SAFETY CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, NORTHERN INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN SAFETY INDEMNITY COMPANY, <br> Defendant. | Case No.: A-10-620513-D <br> Dept. No.: XVI <br><br> NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Defendant American Safety Casualty Insurance Company (hereinafter referred to as "ASCIC"), incorrectly named as American Safety Indemnity Company hereby removes this action from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada. Federal jurisdiction exists over this proceeding pursuant to 28 U.S.C.1332, 1441, and 1446 as there is complete diversity among all parties and as the amount in controversy exceeds $75,000. In support of removal, defendant states:

I.     INTRODUCTION & BACKGROUND

1.     This is a contribution action whereby Plaintiffs, Maryland Casualty Company and Northern Insurance Company of New York (hereinafter collectively referred to as "Plaintiffs") allege that they are entitled to contribution from ASCIC and American Safety Indemnity Company for defense fees and costs, as well as indemnity paid on behalf of two

mutual insureds, specifically Central Valley Insulation and Laird Whipple Concrete, in three separate construction defect matters: *Canyon Willow Trop Owners Assoc. v. Torino Construction Corp. of Nevada*, Clark County Case No. A4715116; *Devore v. Coleman Homes, Inc.*, Clark County Case No. A445099; and *Tapitio I HOA v. Wigwam Associates, LP*, Clark County Case No. A515312 (the aforementioned construction defect matters will be collectively referred to herein as "Underlying Matters"). The Complaint setting forth Plaintiffs' claims for relief is attached hereto as Exhibit "A".

2.      American Safety Indemnity Company issued a Commercial General Liability Policy to Laird Whipple Concrete. ASCIC issued a Commercial General Liability Policy to Central Valley Insulation, Inc. The Plaintiffs' Complaint incorrectly sets forth that American Safety Indemnity Company issued policies to both subcontractors named in the Complaint.

3.      Plaintiffs filed their Complaint on July 9, 2010. The Complaint was served on the State of Nevada Department of Business and Industry Division of Insurance on October 19, 2010. ASCIC received the Complaint on November 4, 2010.

4.      Plaintiffs assert claims for Declaratory Relief, Contribution, Indemnity and Breach of Contract, and seek monetary damages according to proof at trial, and interest.

5.      For reasons described below, this Court has diversity jurisdiction over this proceeding, pursuant to 28 U.S.C. § 1332, as this is civil action in which the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## II.      REMOVAL IS PROPER IN THIS CASE

### A.      There Is Complete Diversity Among All Parties

6.      Plaintiffs are insurance companies domiciled in Maryland and New York, respectively. Ex. "A", Compl. ¶ 1.

a.      Defendants ASCIC and American Safety Indemnity Company are corporations organized and existing under the laws of Oklahoma. Both are therefore citizens of Oklahoma and Georgia for purposes of determining diversity. 28 U.S.C.1332(c)(1).

**B.      The Amount in Controversy Exceeds $75,000.**

7.      A preponderance of evidence supports that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *accord Guglielmino v. McKee Foods Corp.*, 2007 WL 2916193 (9th Cir. October 9, 2007). This is evidenced by the nature and amount of damages Plaintiffs seek in their Complaint and by the damages recovered in cases factually and/or legally similar to the one pleaded by Plaintiffs, as set forth below. [1]

a.      *Compensatory and Special Damages:*  Plaintiffs set forth that the amount in controversy "is the sum of  money which Defendant owes Plaintiffs as described herein, which exceeds the jurisdictional minimum of the Court, i.e. $10,000.00." Ex. A, Compl., ¶ 3, 50, 65. Plaintiffs pleaded the allegations set forth in the Complaint in the minimalist manner mandated by Nev. R. Civ. P. 8(a)[2] , but have alleged that Plaintiffs have agreed to defend and indemnify Central Valley Insulation and Laird Whipple Concrete, as well as contribute to global settlements reached on their behalf. Ex. A, Compl., ¶ 10.

Plaintiffs allege that ASCIC and American Safety Indemnity Company have failed to contribute their equitable share of sums incurred by Plaintiffs on behalf of Central Valley Insulation and Laird Whipple Concrete.

The damages sought by Plaintiffs concern defense fees and costs and indemnity payments for two policy holders, in three separate lawsuits. As the underlying matters are three construction defect lawsuits, each involving two separate insureds, for which defense fees and costs and indemnity were paid; the fact that most construction defect lawsuits involve millions of dollars in controversy; involve not only a suit, but a Nevada Revised Statute Chapter 40 Process, which in essence is a separate suit; the amount in controversy is almost certainly significantly greater than $75,000.

---

[1]      Defendants make these arguments for the purposes of removal only and without waiving any rights to contest liability or claimed damages.

[2]      Nev. R. Civ. P. 8(a) states, "Where claimant seeks damages of more than $10,000, the demand shall be for damages 'in excess of $10,000' without further specification of amount."

### III.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8.    This notice is timely filed within 30 days of service of the complaint and summons. 28 U.S.C. § 1446(b). Process was served upon the State of Nevada Department of Business and Industry Division of Insurance on October 19, 2010. American Safety Indemnity Company was served via certified mail pursuant to N.R.S. "680A.260," by the Commissioner of Insurance. Pursuant to the provisions of N.R.S. 680A.260, insurance companies served via the Commissioner of Insurance have an extra ten days to respond to the Complaint.

9.    Venue properly lies in the Court's unofficial Southern Division pursuant to 28 U.S.C. § 1441(a) and 1446(a) as it encompasses the Eighth Judicial District Court, where this action was originally brought.

10.    ASCIC will file a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court and will serve a copy on Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

11.    A copy of the Complaint is attached as Exhibit A. A copy of the summons served on American Safety Indemnity Company is attached as Exhibit B. No other pleadings were filed in the Eighth Judicial District Court prior to removal.

///
///
///
///
///
///
///
///
///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For these reasons, defendants respectfully remove this action, bearing case number A620513, to this Court from the Eighth Judicial District Court for Clark County, Nevada, pursuant to 28 U.S.C. § 1441.

BUCKLEY KING, LPA

By:   _____
GALINA KLETSER JAKOBSON, ESQ.
Nevada Bar No. 6708
10655 Park Run Drive, Suite 190
Las Vegas, Nevada 89144
Telephone No: (702) 727-2930
ATTORNEY FOR DEFENDANT
AMERICAN SAFETY CASUALTY
INSURANCE COMPANY

CONSENT TO REMOVAL

**McKAY LAW FIRM, CHTD.**

By:   /s/ Chet A. Glover
PAMELA A. McKAY, ESQ.
Nevada Bar No. 7812
CHET A. GLOVER, ESQ.
Nevada Bar No. 10054
3295 N. Fort Apache Road, Suite 150
Las Vegas, NV 89129
T: (702) 835-6956
F: (702) 835-6957
Attorneys for Defendant
AMERICAN SAFETY INDEMNITY
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and am employed in Clark County, where this mailing occurs. I am over the age of eighteen years and not a party to within entitled action; my business address is 10655 Park Run Drive, Suite 190, Las Vegas, Nevada 89144.

On November 16, 2010, I served the document described as NOTICE OF REMOVAL on the interested party(ies) in this action as follows:

William C. Reeves, Esq.
**MORALES, FIERRO, & REEVES**
375 N. Stephanie Street, Bldg. 2
Henderson, NV 89014
702-699-7822
702-699-9455 Facsimile

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business.

☐ **BY FEDERAL EXPRESS:** I served said document(s) to be delivered on the same day to a courier driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express.

☐ **BY ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients via electronic transmission of said document(s) as provided under Nevada Rules of Civil Procedure.

Crystal Martin
An employee of Buckley King, LPA